**BAO ZHU LIN, Xiao Tong Zhu, Petitioners,**

v.

**Michael B. MUKASEY, Attorney**

---

General,[1] Respondent.

No. 07–1920–ag.

United States Court of Appeals,
Second Circuit.

March 11, 2008.

Michael Brown, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Janice K. Redfern, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Bao Zhu Lin and Xiao Tong Zhu, natives and citizens of China, seek review of the April 13, 2007 order of the BIA affirming the September 1, 2005 decision of Immigration Judge ("IJ") Barbara

struction, as it must. *See Crosby*, 397 F.3d at 110–13.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

A. Nelson denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao Zhu Lin, et al.,* Nos. A96 390 221/222 (B.I.A. Apr. 13, 2007), *aff'g* Nos. A96 390 221/222 (Immig. Ct. N.Y. City Sept. 1, 2005).[2] We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004). This Court reviews *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003); *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

We hold that the IJ's findings were supported by substantial evidence. The IJ found that Lin's lack of memory and lack of detail regarding the forced abortions that were critical to her persecution claim rendered her testimony not credible. Although Lin precisely identified the date of her marriage and the date her first child was born, she testified that she could not recall when she became pregnant for a second time, or when her first abortion took place, although she eventually indicated that her son was "six or seven" at the time. Nor could Lin recall the month, or even a range of months, when she became pregnant for a third time, or when government authorities discovered that pregnancy. The IJ reasonably found that such "lack of memory" about significant life events material to the persecution claim was not consistent with credible assertions of persecution by Chinese officials. Because a reasonable adjudicator would not be "compelled to conclude to the contrary," we sustain the IJ's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B).

The IJ further observed that Lin failed to present corroborating evidence to support her persecution claim. The IJ recognized that reliance on the absence of corroborating evidence as a basis for finding petitioner not credible requires (1) the identification of the particular pieces of missing, relevant documentation, and (2) a determination as to its reasonable availability to petitioner. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003) overruled on other grounds by *Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (*en banc*). Applying these principles, the IJ faulted Lin for failing to secure corroborating evidence, even in the form of an affidavit from her husband, who allegedly had personal knowledge of her claimed persecution and who lived in Maryland. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir. 2004) overruled on other grounds by *Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296. Similarly, the IJ noted

---

**2.** Petitioners Bao Zhu Lin and Xiao Tong Zhu are mother and son, respectively. Because Lin was the lead applicant before the agency, with her son included only as a derivative applicant, we refer exclusively to Lin in this order.

Lin's failure to provide a corroborating affidavit or letter from her sister, who purportedly knew of petitioner's alleged persecution. *See id.* Lin's explanations for these omissions were far from convincing; thus we conclude that the IJ reasonably relied on the lack of corroboration in finding petitioner not credible. *See Diallo v. Gonzales,* 445 F.3d 624, 630 (2d Cir. 2006) ("Even if [petitioner's] testimony did, on its face, reconcile her apparently inconsistent statements, the IJ was not required to accept her explanation.").

To the extent Lin asserted that documents corroborating her claim could be found in her husband's immigration file, the IJ reasonably noted two concerns: (1) petitioner failed to show that she had made any effort to obtain these documents, and (2) the transcript of her husband's removal proceeding indicated that among the documents were two abortion certificates, whereas Lin had specifically stated that no such certificates had been issued. We do not understand the IJ to have faulted Lin for failing to adduce such certificates, *see Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (citing State Department report indicating no awareness of abortion certificates for forced abortions in China). Rather, we understand the IJ only to have noted that Lin's claimed corroboration did nothing to rehabilitate her already suspect credibility. In sum, substantial evidence supported the agency conclusion that Lin had failed to present a credible claim of persecution.

Lin has not challenged the denial of her application for CAT relief before this Court, and we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005). Lin also failed to challenge the IJ's

denial of withholding of removal in her appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief and dismiss the petition for review to that extent. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.